

DEC 2 0 2004

CLERK U S
BY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SAMMYE A. RICHARDSON, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. CIV 04-542-TUC-CKJ<br>) |
| FIRST AMERICAN FIELD SERVICES, et al., | ) **ORDER**<br>)<br>) |
| Defendants. | )<br>) |

On October 12, 2004, Plaintiffs[1] filed a Complaint that stated ten causes of action and referred to related state court matters. On October 26, 2004, Plaintiffs filed a First Amended Complaint that stated ten causes of action. The First Amended Complaint refers to related state court matters and lists multiple removal actions. On October 26, 2004, Plaintiffs also filed a Notice of Removal Pursuant to Arizona District Court Rule of Removal 23.2 (sic). Plaintiffs have filed numerous additional documents including "corrections" to the First Amended Complaint.

*Defendants' Motions*

Multiple defendants have filed motions for dismissal, remand, and/or more definite statement, etc. Rather than addressing each motion separately, the Court will review the

---

[1] The caption and Identification of Parties section of the First Amended Complaint identify Sammye A. Richardson as plaintiff, intervener, custodian, and third-party claimant, Michael A. Richardson as plaintiff and intervener, and Rock of Gibralter, L.L.C., as plaintiff.

1) Pima County Sup. Ct.
2) Kern County CA, Sup. Ct.
3) Pima County Justice Ct.
4) CV 85-287
(distributed CAB 12/20/04)



procedural inadequacies of the First Amended Complaint. *See Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997) (where the inadequacy of the complaint is apparent as a matter of law, the court may dismiss the complaint on its own initiative). Upon the Court's determination, if any, that Plaintiffs have presented a viable complaint as discussed *infra*, Defendants may resubmit any appropriate motions.

The Court does find it appropriate, however, to specifically address Defendants Ulan Family Limited Partnership LLP and Malcolm Ryder's Motion for Costs and Stay [Doc. # 34]. Defendants rely on Rule 41(d), Fed.R.Civ.P., for their assertion that Plaintiffs should be ordered to pay the costs of the previously dismissed action and these actions should be stayed until Plaintiffs have complied with the order. Although some courts have found that this authority is limited to those actions in which plaintiff has voluntarily dismissed the action, *see e.g., Duchardt v. Ewing*, 571 F.2d 869 (5th Cir. 1978), other courts have relied upon the court's inherent authority to prevent oppressive, harassing, and vexatious litigation to find the court has the authority to order costs of a previous suit that has been involuntarily dismissed. *Hacopian v. United States Dept. of Labor*, 709 F.2d 1295 (9th Cir. 1983). The Court declines, however, to find an award of costs to be appropriate.

*Plaintiffs Opposition to Pro Hac Vice Representation of David Roberts*

Plaintiffs assert attorney David Roberts should be precluded from representing the City of Bakersfield because he may have committed wrongful acts and he may become a witness in this matter. However, the Court does not find it appropriate to limit a parties' choice of counsel in this matter.

*Removal*

A defendant may remove a civil action within thirty days after a defendant has been, for example, served with the action. 28 U.S.C. § 1446. However, the removal statutes do not discuss the removal of multiple actions into one federal action. Rather, the Court is to

determine if actions should be consolidated. *See* Rule 42(a), Fed.R.Civ.P.; Rule 42.1, Rules of Practice of the United States District Court for the District of Arizona ("Local Rules"). The removal statutes are to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 686, 872, 85 L.Ed.1214 (1941). Federal courts are to decline jurisdiction if there is any doubt as to the propriety of removal. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Plaintiffs have not provided the Court with any authority to allow the removal of multiple actions into this single federal action rather than the individual removal of each case followed by a request for the Court to determine whether the actions should be consolidated. Remand on this basis alone is appropriate. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (federal courts will decline jurisdiction if there is any doubt as to the propriety of removal).

Moreover, Plaintiffs' Notice and Motion to Take Judicial Notice of "Removal" of Cases Pursuant to Arizona District Court Rules of Removal 23.3 (sic)[2] refers to removal of an action that has been "approved for appellate court," "closed cases," and "one closed district court matter". An action "approved for appellate court" and "closed cases" necessarily brings into question whether the removal has been made within thirty days of Plaintiffs' receipt of the action. Additionally, "one prerequisite for removal jurisdiction is that the case originated in state court." *Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court"). A "closed district court matter" may not be "removed" to this Court. Moreover, a number of Plaintiffs' pleadings refer to removal from the superior court of Kern

---

[2] In subsequent pleadings, Plaintiffs clarify that they are relying upon Rule 2.23, Local Rules. The Local Rules were amended, effective December 1, 2004, and were completely renumbered. The current version of the Local Rules, as well as tables cross-referencing the former and new rules, are available on the Court's website: www.azd.uscourts.gov. The parties are directed to cite to the current version of the Local Rules in any filings with the Court.

County, California. A defendant must "remove the case to the proper federal district court." *Id.*; *see also* 28 U.S.C. § 1441(a) (the proper court is designated as the "district and division embracing the place where such action is pending"); *but see, Mortensen v. Wheel Horse Products, Inc.*, 772 F.Supp. 85, 89 (N.D.N.Y. 1991) (removal of an action to a wrong district is not a jurisdictional defect, but is "akin to an improper venue situation" which may be remedied by transferring the action to the proper district).

Plaintiffs' pleadings refer to themselves as plaintiffs, interveners, custodians, and third-party claimants and refers to counter suits. However, removal provisions proscribe that a civil action "may be removed by the defendant or defendants[.]" 28 U.S.C. § 1441(a). In other words, even Plaintiffs' pleadings reflect an improper removal.

The Court is unable to completely ascertain which "removed" actions are from which other court(s).[3] The Clerk of the Court will be directed, therefore, to send a certified copy of this Order to the Pima County Superior Court, the Kern County, California, Superior Court, and the Pima County Justice Court. The Clerk of the Court will also be directed to place a copy of this Order in CIV 85-287.[4] Plaintiffs will be directed to file a document with the Court advising the Court of any additional courts in which a Notice of Removal has been filed relating to this matter within fourteen (14) days of this Order.

*First Amended Complaint*

The Court recognizes that, rather than attempting to remove actions, Plaintiffs may

---

[3] Indeed, although Plaintiffs' documents refer to a bankruptcy matter, the case number of 02-10465-A-7 from the Bankruptcy Court of the Eastern District of California, Fresno Division, is not included as a "removed" action. It does not appear that the bankruptcy matter is one of the matters attempted to be removed by Plaintiffs. Moreover, although documents from the Pima County Justice Court have been attached to some of Plaintiffs' pleadings, Plaintiffs' pleadings do not clearly delineate which cases are from the Pima County Superior Court and which are from the Pima County Justice Court.

[4] Plaintiffs refer to this case as both CIV 85-287-TUC-RMB and CIV 85-287-TUC-JMR.

be attempting to initiate a separate action. A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed.R.Civ.P. A complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Rule 10(a), Fed.R.Civ.P. "Each claim . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." *Id.* Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See, Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), affirmed 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims).

Plaintiffs' First Amended Complaint is replete with confusing and conclusory allegations. The commingling of facts and claims have placed the onus on the Court to decipher which, if any, facts support which claims. Plaintiffs' First Amended Complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965). The First Amended Complaint does not provide fair notice to Defendants as to Plaintiffs' claims and the grounds upon which they rest. *See Leatherman v. Tarrant County Narcotics Intelligence & Corrdination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993).

Furthermore, federal courts are not to infer allegations support federal subject matter jurisdiction. *Shipping Financial Services Corp. v. Krakos*, 140 F.3d 129, 131 (2nd Cir. 1998). Plaintiffs must allege sufficient facts to raise a "colorable" constitutional claim. *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1993). A review of the parties does not show

complete diversity of citizenship; therefore, a federal claim must be presented.

Plaintiffs' First Amended Complaint does not set forth separate claims supported by separate facts, the claims are conclusory and commingled, and it is impossible for the Court to determine if Plaintiffs are attempting to remove actions, set forth counterclaims or cross-claims, or set forth entirely new claims. The Court finds it appropriate, therefore, to dismiss the Complaint. However, Plaintiffs should have an opportunity to file an amended complaint. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds* (*pro se* plaintiff should be given at least one chance to amend complaint before dismissing complaint with prejudice when a more carefully drafted complaint *might* state a claim)

*Second Amended Complaint*

If Plaintiffs choose to submit a Second Amended Complaint, the Court advises Plaintiffs that the complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claims such that the claims are not commingled or conclusory. Moreover, the claims, and the facts to support them, must be clearly presented in such a manner that the onus is not placed on the Court to decipher which, if any, facts support which claims. Indeed, Plaintiffs must clearly state what conduct has been committed by which defendant such that a cause of action is alleged. Plaintiffs cannot simply refer to, for example, "agents" or "defendants." Moreover, Plaintiffs cannot simply make conclusory allegations such as, for example, defendants "conspired or agreed"; rather, Plaintiffs must set forth which facts support such an allegation. Additionally, the Court finds it appropriate to review Plaintiffs' attempted claims to set forth the requirements of each claim.

*Count I – Racketeer Influenced and Corrupt Organization ("RICO")*

In their Count I, Plaintiffs allege FATCO, its affiliates, and subsidiaries, its agents and employees, its attorneys, Defendants Sanchez, Chambers, Locklear, RAR, trustee in Bankruptcy Randall Parker and its attorney and other defendants' associates engaged in

continuous related and continuous multiple schemes that resulted in injury to Plaintiffs. Plaintiffs allege an ongoing "crime spree" that included fraud, embezzlement, nondisclosure, and kickbacks. In making these allegations, Plaintiffs do not clearly set forth which defendant(s) committed which acts.

Plaintiffs are advised that, to state a civil claim for a RICO violation, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Moreover, a plaintiff must allege facts which show that the group or enterprise has some function wholly unrelated to the racketeering activity. *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981); *see also Chang v. Chen*, 80 F.3d 1293, 1299 (9th Cir. 1996). In order to successfully plead the enterprise element of a RICO violation, a plaintiff must allege that the defendant was a person who either acquired an enterprise, associated with an enterprise, or conspired with another to acquire or associate with an enterprise. *Id.* But, "a group whose members collectively engage in an illegal act, in-and-of-itself, does not constitute an 'enterprise' for the purposes of RICO." *Id.*

Although the facts are not clearly set forth, it appears that Plaintiffs have alleged that a group of defendants engaged in illegal acts. However, Plaintiffs have not even alleged that the group of defendants collectively engaged in illegal acts, let alone that the group of defendants acted as an enterprise. Plaintiffs are advised that the failure to adequately plead a claim for a RICO violation will obviate any argument for supplemental subject matter jurisdiction over the state law claims.

*Count II – Fraud, Negligent Concealment and Fraudulent Misrepresentaition*

Plaintiffs are advised that to state a claim of fraud, a plaintiff must allege that "the defendant made a false, material representation that he knew was false or was ignorant of its truth, with the intention that the hearer of the representation act on it in a manner reasonably contemplated, that the hearer was ignorant of the representation's falsity, rightfully relied on

the truth of the representation, and sustained consequent and proximate damage." *Haisch v. Allstate Insurance Co.*, 197 Ariz. 606, 5 P.3d 940 (App. 2000).

A claim of fraudulent concealment requires a concealment of facts which a party is under a legal or equitable obligation to communicate. *Schock v. Jacka*, 105 Ariz. 131, 460 P.2d 185 (1969); *Dunlap v. City of Phoenix*, 169 Ariz. 63, 817 P.2d 8 (App. 1990); *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 38 P.3d 12 (2002).

Moreover, a claim of negligent misrepresentation requires a defendant:

> who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Kuehn v. Stanley*, 208 Ariz. 124, 127, 91 P.3d 346, 349 (App. 2004), *quoting* Restatement (Second) of Torts § 522(1) (1977).

*Count III – Conspiracy*

A claim of civil conspiracy requires an allegation that "two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Wells Fargo Bank*, 201 Ariz. at 498, 38 P.3d at 36.

*Count IV – Interference with Contractual Relationships*

To state a claim for the tort of intentional interference with contractual relations, Plaintiffs must allege: "(1) the existence of a valid contractual relationship, (2) knowledge of the relationship on the part of the interferor, (3) intentional interference inducing or causing a breach, (4) resultant damage to the party whose relationship has been disrupted, and (5) that the defendant acted improperly." *Safeway Insurance Co., Inc. v. Guerrero*, 207 Ariz. 82, 86, 83 P.3d 560, 564 (App. 2004), *quoting Wells Fargo Bank*, 201 Ariz. at 493, 38 P.3d at 31.

- 8 -

*Count V – Intentional Infliction of Emotional Distress*

To state a claim for intentional infliction of emotional distress, Plaintiffs must allege that "defendant's conduct was extreme and outrageous, causing plaintiff severe emotional distress; physical injury need not occur." *Duke v. Cochise County*, 189 Ariz. 35, 38, 938 P.2d 84, 87 (App. 1997).

*Count VI – Interference with Business*

To state a claim for intentional interference with business expectation, Plaintiffs must allege:

(1) The existence of a valid contractual relationship or business expectancy;
(2) knowledge of the relationship or expectancy on the part of the interferor;
(3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and
(4) resultant damage to the party whose relationship or expectancy has been disrupted.

*Hirsch v. Cooper*, 153 Ariz. 454, 459, 737 P.2d 1092, 1097 (App. 1987), *quoting Antwerp Diamond Exch. v. Better Business Bureau*, 130 Ariz. 523, 529-30, 637 P.2d 733, 739-40 (1981).

*Count VII – Bad Faith and Intentional Misrepresentation*

It is unclear from Plaintiffs First Amended Complaint if Plaintiffs are attempting to set forth two separate claims in this cause of action. It does not appear that Plaintiffs are even attempting to state a claim for bad faith by an insurer, which requires allegations "(1) that the insurer acted unreasonably toward its insured, and (2) that the insurer acted knowing that it was acting unreasonably or acted with such reckless disregard that such knowledge may be imputed to it." *Miel v. State Farm Mutual Automobile Ins. Co.*, 185 Ariz. 104, 912 P.2d 1333 (App. 1996), *citing Trus Joist Corp. v. Safeco Ins. Co. of America*, 153 Ariz. 95, 104, 735 P.2d 125, 134 (App. 1986). Plaintiffs may be attempting to state a claim for a breach of the covenant of good faith and fair dealing, which the Court will discuss *infra*.

To state a claim for intentional misrepresentation or fraud, Plaintiffs must allege: (1)

a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the representation should be acted upon by the person and in a manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on the truth of the representation, (8) the hearer's right to rely, and (9) the hearer's consequent and proximate injury. *Knoell v. Cerkvenik-Anderson Travel, Inc.*, 181 Ariz. 394, 891 P.2d 861 (App. 1994), *vacated on other grounds*.

*Count VIII – Conversion and Unlawful Control*

To state a claim for conversion, Plaintiffs must allege an "act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with that person's rights in the property." *Mezey v. Fioramonti*, 204 Ariz. 599, 608, 65 P.3d 980, 989 (App. 2003); *see also Focal Point, Inc. v. U-Haul Co. of Arizona, Inc.*, 155 Ariz. 318, 746 P.2d 488 (App. 1986).

*Count IX – Breach of Implied Covenant of Good Faith and Fair Dealing*

In Arizona, a covenant of good faith and fair dealing is implied in every contract. *Enyart v. Transamerica Ins. Co.*, 195 Ariz. 71, 985 P.2d 556 (1998). To state a claim for a breach of implied covenant of good faith and fair dealing, Plaintiffs must allege that defendants acted to impair the right of Plaintiffs to receive the benefits which flow from the agreement or contractual relationship." *Southwest Savings and Loan Assoc. v. Sunamp Systems, Inc.*, 172 Ariz. 553, 838 P.2d 1314 (App. 1992), *quoting Rawlings v. Apodaca*, 151 Ariz. 149, 153-54, 726 P.2d 565, 569-70 (1986). If the action is brought in tort rather than in contract, Plaintiffs must allege a "special relationship between the parties arising from elements of public interest, adhesion, and fiduciary responsibility." *Wells Fargo Bank*, 201 Ariz. at 491, 38 P.3d at 29, *quoting Burkons v. Ticor Title Insurance Co. of California*, 168 Ariz. 345, 355, 813 P.2d 710, 720 (1991).

*Count X – Violations Listed Under JS 44*

Plaintiffs refer to the Civil Cover Sheet (Form JS 44) as their tenth cause of actions. Plaintiffs are advised that each cause of action must be sufficiently alleged in the Second Amended Complaint.

*Service of Process and Adequacy of Amended Complaint*

In filing this action as a removal action, it does not appear that Plaintiffs have complied with service requirements. Plaintiffs are advised that, because the Court has found removal to be inappropriate, Plaintiffs are responsible for adequate service of the Second Amended Complaint and Summons on Defendants. Rule 4(c)(1), Fed.R.Civ.P. Absent service of process, waiver of service or a voluntary appearance, Defendants are not required to take any action. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 1327, 143 L.Ed.2d 448 (1999). The Court refers Plaintiffs to Rules 4 and 5, Fed.R.Civ.P.

However, in light of the conclusory allegations and unclear presentation of claims in the First Amended Complaint, the Court finds it appropriate to review the Second Amended Complaint before requiring Plaintiffs to effectuate service upon Defendants. Accordingly, Plaintiffs are advised that they shall not effectuate service upon Defendants until the Court has reviewed any Second Amended Complaint and notifies Plaintiffs that procedural requirements, including allegations to establish subject matter jurisdiction, have been met.

Defendants are advised that they are not required to file any Answer or dispositive pleading until the Court directs Plaintiffs to effectuate service upon them and Plaintiffs have effectuated service upon them. If appropriate, any service irregularities may then be presented to the Court pursuant to Rules 12(b)(4) and (5), Fed.R.Civ.P.

*Returned Mail*

The Clerk of the Court has advised the Court that it is in receipt of two pieces of mail that have been delivered to them as the "return addressee" on the envelope. The envelopes include documents that indicate that the mail was initiated by Plaintiffs. Plaintiffs are advised that the Clerk of the Court is not a repository for returned mail of litigants. Plaintiffs are further advised that the Clerk of the Court will be directed to discard any further "returned mail" that has been initiate by Plaintiffs. However, the Clerk of the Court will be directed to return to Plaintiffs the two pieces of mail already received by the Clerk of the Court.

*Hearing Dates*

Documents submitted by Plaintiffs purport to schedule hearings. Plaintiffs are advised that the Court will set any hearing(s) that it deems appropriate. Plaintiffs shall not "schedule" any further hearings.

*Miscellaneous*

Plaintiffs should take notice that if they fail to timely comply with every provision of this Order, this action will be dismissed pursuant to Rule 41(b), Fed.R.Civ.P. *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (District Court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

Accordingly, IT IS ORDERED:

1. Defendants Ulan Family Limited Partnership LLP and Malcolm Ryder's Motion for Costs and Stay [Doc. # 34] is DENIED;
2. Cause Numbers Civ. No. S-1500-CV 253558, Civ. No. S-1500-CV 250894, Civ. No. 2003-CV S-1500-CL-190453, Civ. No. S-1500-CV-251345, Civ. No. 2004-CV 6160 LM, Civ. No. 2003-CV 6049, Civ. No. 2004-CV 4847 S, Civ.

No. T.20021192, CV89-002939 T-29543, T20021083, T20030984, T20040603, CIV 85-287 TUC RMB are REMANDED;

3. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court, the Clerk of the Kern County, California, Superior Court, and the Pima County Justice Court. The Clerk of the Court shall also place a copy of this Order in CIV 85-287;

4. Plaintiffs shall file a document with the Court advising the Court of any additional courts in which a Notice of Removal has been filed relating to this matter within fourteen (14) days of this Order.

5. Plaintiffs' First Amended Complaint is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND. Plaintiffs shall have thirty (30) days from the date of filing this Order to file a Second Amended Complaint.

6. Any Second Amended Complaint filed by Plaintiffs must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or subsequent pleadings by reference. Any Second Amended Complaint submitted by Plaintiffs should be clearly designated as an amended complaint on the face of the document;

7. Any Second Amended Complaint shall contain all of Plaintiffs allegations – Plaintiffs shall not submitted "corrections" to the Second Amended Complaint. If Plaintiffs discover errors in the Second Amended Complaint prior to the Court issuing an Order regarding the Second Amended Complaint, Plaintiffs shall request leave to submit a Third Amended Complaint;

8. Plaintiffs' Opposition to the *Pro Hac Vice* representation of David Roberts is DENIED;

9. Any and all other pending motions are DENIED as moot;

10. The Clerk of the Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to Plaintiffs, if Plaintiffs fail to file

| | |
|---|---|
| 1 | an amended complaint within thirty (30) days of the filing date of this Order. |
| 2 | 11. At all times during the pendency of this action, Plaintiffs shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS". The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Plaintiffs shall serve a copy of the Notice of Change of Address on all served opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P. |

DATED this 17th day of December, 2004.

_____
Cindy K. Jorgenson
United States District Judge